Filed 8/7/15  P. v. Howze CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOHNNY LEE HOWZE,<br><br>    Defendant and Appellant. | B261197<br><br>(Los Angeles County Super. Ct.<br> No. NA037768) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Reversed and remanded.

California Appellate Project, Jonathan B. Steiner, Executive Director, Richard B. Lennon, Staff Attorney, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Noah Hill, Deputy Attorney General, Viet H. Nguyen, Deputy Attorney General, for Plaintiff and Respondent.

_____

Appellant Johnny Lee Howze was sentenced in 1999 to three consecutive indeterminate terms of 25-years-to-life in state prison pursuant to the three strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).[1] Two of the sentences were based on current offenses that were serious felonies, but the third was not. In 2012, the voters enacted The Three Strikes Reform Act (Proposition 36), which established a procedure allowing an inmate sentenced to an indeterminate term under the three strikes law to petition the trial court for resentencing if the current offense is not a serious or violent felony. (§ 1170.126.) Howze filed a petition seeking resentencing only as to the one count of his current sentence that was not based on a serious or violent felony conviction. The superior court denied the petition on the basis that one of Howze's convictions, for first degree burglary (§ 459), was a serious felony pursuant to section 1192.7, subdivision (c)(18), rendering him ineligible for relief. Howze filed a timely notice of appeal. We reverse.

Howze was convicted of the following offenses: counts 1 and 2 – first degree residential burglary (§ 459); and count 3 – possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a).) The jury found true allegations that Howze had previously suffered four convictions for first degree burglary (§ 459) that qualified as "strikes" under the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). The jury further found true allegations that each of the four first degree burglary convictions constituted prior serious felony convictions (§ 667, subd. (a)(1)), and that defendant had served two separate prison terms for burglary convictions (§ 667.5, subd. (b)). Howze was sentenced to 90 years-to-life in prison, comprised of consecutive terms of 25-years-to-life in counts 1 through 3, plus three five-year prior serious felony conviction enhancements. The trial court also imposed and stayed one-year enhancements for each of the prior prison terms. (*People v. Howze* (2001) 85 Cal.App.4th 1380, 1383-1384.) Howze appealed to this court. The judgment was modified to strike rather than stay the two prior prison term enhancements under section 667.5, subdivision (b), and to award

---

[1] All statutory references are to the Penal Code, unless otherwise indicated.

2

Howze two additional days of conduct/presentence credit, but affirmed in all other respects. (*Id.* at p. 1399.)

On October 31, 2014, Howze filed his petition to recall sentence as to count 3 only pursuant to section 1170.126, enacted with the passage of Proposition 36. The superior court denied the petition with prejudice. The court noted that Howze had been convicted of first degree burglary, which is a serious felony under section 1192.7, subdivision (c)(18), rendering him ineligible for any relief under Proposition 36, including as to the violation of Health and Safety Code section 11350, subdivision (a).

After conflicting decisions from the Courts of Appeal, the California Supreme Court has now held that an inmate's eligibility for resentencing under Proposition 36 is "evaluated on a count-by-count basis. So interpreted, an inmate may obtain resentencing with respect to a three-strikes sentence imposed for a felony that is neither serious or violent, despite the fact that the inmate remains subject to a third-strike sentence of 25 years to life." (*People v. Johnson* (July 2, 2015, S219454) 61 Cal.4th 674 [p. 7].

Under the reasoning of *People v. Johnson*, *supra*, 61 Cal.4th 674, Howze is entitled to consideration of his petition under Proposition 36 as to the sentence in count 3 for violation of Health and Safety Code section 11350, subdivision (a).

**DISPOSITION**

The order denying the petition for resentencing as to count 3 is reversed. The cause is remanded to the trial court to determine Howze's eligibility for relief under Proposition 36 as to count 3 only.

KRIEGLER, J.

We concur:

TURNER, P. J.

KIRSCHNER, J.*

---

* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.